### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

SAMUEL ARMEANU and
MATTHEW HERRERA,

       Plaintiffs,

vs.                                                                              No. CIV  05-619 JB/DJS

BRIDGESTONE/FIRESTONE NORTH
AMERICAN TIRE, LLC a/k/a BRIDGESTONE
FIRESTONE, INC. f/k/a BRIDGESTONE
AMERICAN HOLDINGS, INC.,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Compel Plaintiff Samuel Armeanu to Respond to Discovery, filed February 6, 2006 (Doc. 27).  The primary issue is how the Court should address Armeanu's failure to respond to Defendant Bridgestone/Firestone North American Tire, LLC's written discovery or to make himself available for a deposition.  Because it is unfair to permit Armeanu to pursue a case against Bridgestone and not require him to respond to discovery demands, the Court will grant Bridgestone's motion to compel Armeanu to respond to discovery, but will deny Bridgestone's request that the Court dismiss his Complaint.

### PROCEDURAL BACKGROUND

Plaintiff Samuel Armeanu filed his Complaint on April 26, 2005 in the Thirteenth Judicial District Court, State of New  Mexico, seeking damages for personal injuries allegedly sustained in a one-car vehicle accident that occurred on April 27, 2002.  See Complaint ¶¶ 4-6, at 1-2.  Armeanu contends that the left front tire on the semi-truck that he was driving experienced a blow out, causing

him, to lose control of his vehicle.  See id. ¶¶ 5-6, at 2.  He seeks damages against Bridgestone under the legal theories of breach of warranty, strict products liability, and negligent design and manufacture.  See id. ¶¶ 7-16, at 2-3.  Armeanu seeks both compensatory and punitive damages.  See id. ¶¶ 17-20, at 3-4.

Bridgestone removed the case to federal court on June 3, 2005.  See Notice of Removal at 1, filed June 3, 2005 (Doc. 1).  The Initial Pre-Trial Report, filed August 18, 2005, sets the termination date for discovery on January 30, 2006 and the deadline for filing discovery motions on February 8, 2006.  See Initial Pre-Trial Report at 5, filed August 18, 2005 (Doc. 15).  The parties cannot by agreement extend or reopen discovery "except by an order of the Court upon a showing of good cause."  Id.  The Court subsequently extended the deadline for discovery from January 30, 2006 to March 3, 2006.  See Order Granting Joint Motion for Extension of Initial Pretrial Report Deadlines at 1, filed December 22, 2005 (Doc. 24).  The Court scheduled the trial for June 12, 2006.  See Initial Pre-Trial Report at 11.  On September 8, 2005, Bridgestone served Armeanu with interrogatories and requests for production.  See Certificate of Service at 1, filed September 8, 2005 (Doc. 17).  Armeanu's answers and responses were due on October 11, 2005.  See Fed. R. Civ. P. 6(e), 33(b)(3).  At the time that Bridgestone filed this motion, Armeanu had not requested an extension of time within which to respond to the discovery requests, nor had the Court granted an extension of time.  Also at the time that Bridgestone filed this motion, Bridgestone had not received from Armeanu any answers, responses, and/or objections to the discovery requests.  See Motion to Compel at 2.

Bridgestone made several contacts with Armeanu's attorney concerning Armeanu's failure to answer and to respond to the discovery requests.  See id. at 3.  Bridgestone also made several

inquiries of Armeanu's attorney regarding the Defendant's desire Armeanu's deposition. <u>See</u> <u>id.</u> at 2. At the time that Bridgestone filed this motion, Armeanu has not responded, nor has his deposition been set. <u>See</u> <u>id.</u>

There was discussion about a motion to compel before Bridgestone filed its motion. <u>See</u> Plaintiffs' Response to Defendant's Motion to Compel at 1, filed February 27, 2006 (Doc. 30). Bridgestone represents that, before it filed its motion, it conferred in good faith with Armeanu's attorney in an effort to secure the discovery without court action. <u>See</u> <u>id.</u> at 3. Bridgestone's counsel advised Armeanu's attorney that Armeanu's discovery responses were significantly late and that, unless Bridgestone received responses soon, Bridgestone would file a motion to compel. <u>See</u> Defendant's Reply in Support of Its Motion to Compel Samuel Armeanu to Respond to Discovery at 2, filed March 7, 2006 (Doc. 31). Armeanu also represents that his counsel conferred in good faith with Bridgestone's counsel on the subject of Armeanu's response to Bridgestone's written discovery requests. <u>See</u> Response at 1. In response to Bridgestone's discussion of a motion to compel, Armeanu's attorney advised that he anticipated having the discovery responses soon and that he would concur in a motion to compel that gave Armeanu thirty days to respond to the discovery. <u>See</u> <u>id.</u> at 1. Bridgestone believed the thirty days was to run from the date of the conservation, not some unspecified date in the future. <u>See</u> Reply at 2. These discussions took place on January 19, 2006, at the deposition of Plaintiff Matthew Herrera. <u>See</u> <u>id.</u> Bridgestone represents that those efforts were not successful. <u>See</u> <u>id.</u> at 2-3.

Bridgestone represents that on the same date of that conversation -- January 19, 2006 -- Bridgestone's counsel wrote to Armeanu's attorney. <u>See</u> <u>id.</u> at 2-3. Bridgestone represents that, in relevant part, that letter states:

> Finally, to date Mr. Armeanu has not answered any of the discovery I served on him
> many months ago.  A motion to compel needs to be filed by February 8.  Please advise
> immediately if Mr. Armeanu is going to answer the discovery or whether it will be
> necessary for me to file a motion to compel.  Also, I need to depose Mr. Armeanu and
> his primary treating physician before March 3.  His failure to respond to discovery is
> hampering that effort since I do not even know what type of medical treatment he was
> provided, nor do I have a mechanism for obtaining any of his medical records.  If I file
> a motion to compel, I will, as a sanction, ask the court to dismiss Mr. Armeanu from
> the lawsuit.

Id.  Hoping to obtain the discovery and to avoid filing a motion to compel, Bridgestone's counsel

waited approximately three weeks -- until February 6, 2006 -- before filing the motion to compel.

Id. at 3.

Pursuant to rule 37(a), Bridgestone moves the Court for an order compelling Armeanu to

answer the interrogatories and to respond to the requests for production.  See Motion to Compel at

3.  Bridgestone also asks the Court to extend the discovery deadline for it to obtain the discovery --

both written and by deposition -- from Armeanu.  See id.  Bridgestone further requests the Court to

require Armeanu to submit to a medical examination under rule 35 and to permit it to depose any

treating or other physicians Armeanu may identify.  See id.  Bridgestone alternatively asks the Court

to dismiss Armeanu's complaint with prejudice.  See id.

Despite the communications on January 19, 2006, Armeanu represented that Bridgestone

stated in its motion to compel that the motion is opposed.  See Response at 1.  Armeanu represented

that, other than a single conclusory sentence, Bridgestone's motion does not mention the good faith

efforts counsel for the parties made before Bridgestone filed its motion.  See id.

Armeanu represents that, after Bridgestone served Armeanu its motion, Armeanu's counsel

contacted Bridgestone's counsel -- first by telephone and again by facsimile transmission.  See

Response at 1.  He represents that his counsel reminded Bridgestone's counsel of the January 19,

2006 conversation.  See id.  According to Armeanu, Bridgestone's counsel indicated that he had forgotten about the conversation and that was why Bridgestone had filed this motion as an opposed motion.  See id. at 1-2.

After this conversation, the attorneys attempted to agree upon a proposed form of order, but have been unable to do so. See Response at 2.  On February 24, 2006, Bridgestone's counsel sent a facsimile transmission to Armeanu's counsel, advising him that, if the Plaintiffs did not agree to a proposed form of order extending the time for Armeanu's discovery responses until the beginning of March, Armeanu should file a response to this motion.  See id.  Under these facts, the Plaintiff's counsel requests that the Court enter an order granting Armeanu thirty days to respond to Bridgestone's written requests.  See id.

## DISCOVERY RULES

Rule 33 of the Federal Rules of Civil Procedures requires interrogatories to be answered separately and fully in writing under oath within thirty days after service.  See Fed. R. Civ. P. 33(b)(1), (3).  Whenever service is made by mail, an additional three days is added.  See Fed. R. Civ. P. 6(e).

> If [a] motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A).

## ANALYSIS

Armeanu has not responded to discovery.  Armeanu has made no effort to respond to the discovery, nor has he made any effort to make himself available for a deposition.  Armeanu provides no excuse why he did not make any discovery response in the last seven months.  He does not mention being available for a deposition.  Five months have expired since Bridgestone served its discovery on September 8, 2005.  Bridgestone's efforts to schedule Armeanu's deposition have also been unsuccessful.

Armeanu's response does not address why he failed to timely answer and respond to Bridgestone's written discovery or make himself available for a deposition before the Court-ordered discovery termination date of March 3, 2006.  Instead Armeanu suggests that there was some agreement with Bridgestone.  See Response at 1-2.  Armeanu's response appears to be asking the Court for yet another thirty days to respond to discovery.  See id. at 2.  Armeanu argues that an additional thirty days will give the Plaintiffs' counsel sufficient time to make one last attempt to contact Armeanu and provide him with sufficient notice that he will face possible dismissal or other sanctions in the event that he does not respond to Bridgestone's outstanding requests.  See Response at 2.

Bridgestone argues that the Court should not grant Armeanu any additional time to respond to discovery.  See Reply at 3.  Bridgestone represents that Armeanu's refusal to provide any discovery – answer and respond to written discovery and to make himself available for his deposition – has severely prejudiced it.  See id.

While the Court believes that Armeanu should have some additional time to correct his discovery deficiencies, the Court believes that thirty more days is too much.  The court-ordered

deadline was March 3, 2006.  The deadline for discovery has thus expired.  The trial is scheduled for

trial three months from now.  It is now March 3, 2006 – ten days after the court-ordered discovery

deadline, five weeks after Bridgestone filed its motion to compel, and more than six months after

Bridgestone served Armeanu with interrogatories and requests for production and began efforts to

try to schedule his deposition.  The Court should not permit Armeanu to ignore, thwart, and refuse

to engage in any discovery and still pursue his lawsuit against Bridgestone.  Armeanu needs to devote

time to his case immediately.

        The Court will give Armeanu twenty days from the date of this order to respond to the written

discovery and must make himself available for a deposition and an in-depth medical examination

within thirty days of the date of this order.  Because the Court is granting Bridgestone's motion to

compel, and the Court finds that Bridgestone made its motion after it made a good faith effort to

obtain the discovery without court action, Bridgestone is entitled to some of the reasonable expenses

incurred in making the motion, including attorney's fees.  See Fed. R. Civ. P. 37(a)(4)(A).  The Court

will require Armeanu to pay one-half of the expenses in making the motion.  The Court reduces the

amount because of confusion between the parties about how much of the motion was opposed. The

Court will not require Armeanu to reimburse Bridgestone for costs incurred in preparing the reply

or attending the hearing.

        The Court will also extend the discovery deadline – for Bridgestone only – to complete its

discovery against Armeanu.  Bridgestone also asks, in the alternative, that the Court dismiss

Armeanu's Complaint.  While the Court agrees that Bridgestone is entitled to fees for preparing and

filing its motion, it does not believe further sanctions are needed at this time.  If, however, Armeanu

refuses to participate in the discovery process, the Court may have few reasonable choices but to

dismiss his Complaint.

**IT IS ORDERED** that the Defendant's Motion to Compel Plaintiff Samuel Armeanu to Respond to Discovery is granted in part and denied in part. The court orders Armeanu to answer the Defendant's interrogatories and respond to the requests for production within twenty days of the date of this order. Armeanu must also make himself available for a deposition within thirty days of the date of this order. The discovery deadline is extended thirty days for Bridgestone to obtain this written discovery from Armeanu; to obtain a deposition from Armeanu; and to depose any treating or other physicians whom Armeanu may identify. Armeanu shall also submit to a medical examination under rule 35 within thirty days of the date of this order. Armeanu shall further reimburse Bridgestone for the one-half reasonable expenses incurred in making the motion, including attorney's fees, but not in filing its reply. The Court will deny Bridgestone's alternative request that the Court dismiss Armeanu's Complaint.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James P. Lyle
Law Office of James P. Lyle, P.C.
Albuquerque, New Mexico

  *Attorney for the Plaintiffs*

Arthur O. Beach
Keleher & McLeod, P.A.
Albuquerque, New Mexico

  *Attorney for Defendant Bridgestone/Firestone*
  *North American Tire, L.L.C.*